**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLINTON DALE HARRIS, | No. 23-16213 |
| Plaintiff-Appellant, | |
| | D.C. No. 4:22-cv-00462-MSA |
| v. | |
| | MEMORANDUM* |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Maria S. Aguilera, Magistrate Judge, Presiding

Submitted October 22, 2024**
San Francisco, California

Before: GILMAN,*** WARDLAW, and COLLINS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Clinton Dale Harris appeals the district court's order affirming the Commissioner of Social Security's denial of Harris's application for disability insurance benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error . . . ." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)). "Substantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stiffler*, 102 F.4th at 1106 (quoting *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020)).

2. On appeal, Harris argues that the ALJ erred by rejecting Harris's testimony about his symptoms. An ALJ can "reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Smartt*, 53 F.4th at 494 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Harris testified that walking had been difficult and painful since 2015, but the ALJ found this testimony to be inconsistent with the medical record. The ALJ provided the following specific, clear, and convincing reasons for rejecting Harris's testimony about his symptoms: (1) physical examinations showed that Harris's cellulitis symptoms resolved when

2

treated and did not cause motor deficits, (2) Harris denied having leg pain when speaking to a provider in 2016, and (3) Harris reported to a provider in 2018 that he was able to walk four miles a day.

Harris argues that there is another rational interpretation of the evidence. But "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence supports the ALJ's finding that Harris's medically determinable impairments were not "severe" within the meaning of the Commissioner's regulations. *See* 20 C.F.R. § 404.1520(c).

3. Harris also argues that the ALJ failed to develop the record. An ALJ's duty to fully and fairly develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford,* 950 F.3d at 1156 (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)). In the present case, the evidence was not ambiguous, and the record was not inadequate. Substantial evidence shows that Harris's impairments were controlled with treatment and did not cause significant limitations. And even if the ALJ's duty to develop the record was triggered, an ALJ "may discharge this duty in several ways, including . . . continuing the hearing." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, the ALJ continued the hearing so that Harris could obtain counsel and submit

3

additional medical evidence.  The ALJ thus did not fail to develop the record.

**AFFIRMED.**